### SABAT et al. v. UNITED STATES et al.
#### No. 14821.

District Court, W. D. Washington, N. D.

Jan. 3, 1947.

296

Levinson & Friedman, of Seattle, Wash. (Edwin J. Friedman, of Seattle, Wash., of counsel), for libelants.

Bogle, Bogle & Gates, of Seattle, Wash. (Thomas L. Morrow, of Seattle. Wash., of counsel), for respondents.

BOWEN, District Judge.

Respondents employed libelants upon written articles for a voyage commencing on the 4th day of November, 1944, for a period of not to exceed twelve months thereafter. On December 21, 1944, about one month and seventeen days thereafter, respondents without just cause discharged the libelants, who bring this action to recover damages for breach of the employment contract.

There can be no question but that the employer of the libelants wrongfully broke the contract of employment. It would be no different in principle if Mr. Friedman had hired the libelants to work for him for a period of twelve months at a certain monthly or daily wage and notwithstanding the promise of Mr. Friedman to furnish employment for the entire period, he on the thirtieth day thereafter notified the libelants that he did not desire their services any longer and wished them to leave his premises and quit work. In that situation Mr. Friedman would certainly be liable in an action by the libelants for damages for breach of the contract of employment. And so here on account of this similar breach of contract by respondents, the libelants are entitled to recover for such damages as reasonably and proximately flow from this breach of contract, but only to the extent that those damages are not reasonably, or could not reasonably have been, recouped by gainful occupation which was available to the libelants during the time of respondents' nonperformance of the contract.

One outstanding issue here tendered by the respondents is that they are entitled to offset against the libelants' claim

the respondents' claim for detention of the vessel occasioned by libelants remaining on board the vessel after libelants were ordered off the vessel. From the evidence in the case I am unable to find in that connection that the libelants did more than to remain on board long enough to reasonably urge upon respondents that libelants' contract of employment be continued in effect or be reinstated. Libelants did not expressly undertake a sit-down strike nor did they try to enlist the aid of other members of the crew as an organized body to assist libelants in enforcing their contract during these three days of alleged detention. They merely remained on board where at all times previous to the beginning of the three days they had been and had a right to be. And in view of the captain's expressed attitude, the libelants had no reason to suppose that their presence on board was regarded as an unlawful detention of the vessel. I would say that the course of conduct of the libelants is not a good course to be recommended in other situations, but they apparently were not acting with reckless disregard of respondents' property and were not asserting any control over the respondents' vessel or property. And repeating, it seems to me all they were trying to do was exerting a reasonable effort to try to persuade the respondents to reinstate the contract and to convince the respondents that they were ready, willing and able to perform the contract so far as the libelants were concerned.

■ However, I think they were obligated—as others are under the law of contracts—to do all they reasonably could to minimize the damages flowing from the wrongful breach by the respondents of this contract of employment. The libelants should have obtained other employment by another or other employers as soon as they reasonably could. On this point I can not say that the evidence produced on behalf of the libelants is to be wholly believed or that the evidence produced by the respondents is to be wholly believed; nor does the Court think that the evidence produced on behalf of either side should be wholly disbelieved. It seems to me there is some truth in the evidence produced on both sides

but I am not convinced that the evidence produced on either side should be controlling to the exclusion of due consideration of the evidence produced on the other side touching this question of minimizing the damages.

■ The Court—after full and final consideration of the very conflicting evidence on this issue—finds, concludes and decides that it reasonably required fifteen days after the wrongful discharge of libelants by respondents, for libelants to find other suitable and reasonable employment and that the result is that the libelants are entitled to recover from the respondents for only fifteen of the twenty-seven days during which they remained idle after respondents' breach of the libelants' employment contract; and that in addition to those fifteen days of compensation, each of the libelants is entitled to recover the cost or value of return transportation in the sum of $92.50. Since the libelant Sabat's daily wage was $11.48, that daily wage multiplied by fifteen results in the sum of $172.20 for wages for fifteen days, to which should be added return transportation cost of $92.50 with the result that libelant Sabat is entitled to recover of and from the respondents the total sum of $264.70.

The libelant Keyes the Court finds, concludes and decides is entitled to recover of and from the respondents for fifteen days pay at $8.82 per day, and in addition thereto the cost of return transportation to the Atlantic Coast in the sum of $92.50, resulting in a total allowance to libelant Keyes—on account of lost time of fifteen days and lost return transportation of $92.50—in the total sum of $224.80.

What do counsel advise in respect to the statutory provisions as to costs in cases like this?

Mr. Morrow: May it please the Court, I believe that Olympic Steamship Company should be dismissed in the Court's order inasmuch as there is no proof that there was any contract with the Olympic Steamship Company. The judgment would run against the United States.

The Court: If the Court dismisses as to Olympic, is there any other respondent re-

maining in the case other than the United States of America?

Mr. Morrow: No, there is not, Your Honor.

### Discussion re Costs.

The Court: The Court further decides that libelants recover their costs in this action to be taxed by the clerk; and further that the respondent Olympic Steamship Company—notwithstanding the Court's use of the word "respondents" in the plural throughout the course of this decision— should be dismissed from this action because of lack of proof in respect to liability of the Olympic Steamship Company. It follows that what the Court has said as to libelants' right to recover and the reasons therefor relate only to the respondent United States of America.

Mr. Friedman: Your Honor has made no mention of the four days that these men remained on board ship and performed their duties for which they received no pay.

The Court: The Court intends that to be included in the fifteen days for which the Court allowed recovery. I think fifteen days in all was sufficient for these men to find other employment at this time under these circumstances,—under the wartime need for merchant seamen.

Mr. Friedman: You are making no mention of the further loss that they suffered during the period until March 12, 1946. I gather it was your intention to offset one against the other.

The Court: The Court intended to completely decide the case and advises counsel that what the Court has announced is all of the recovery that the Court intends to allow. I think these men could have found employment after fifteen days searching for it in Seattle at this time, and that it wouldn't have been necessary for them to have been out of employment any longer than fifteen days, in view of all of the evidence which the Court has heard and considered during this trial (at a later hearing the Court allowed eighteen days, instead of fifteen days, for lost time).

Mr. Morrow: May it please the Court, Olympic Steamship Company, being dismissed under the case, would I believe be entitled to recover costs.

The Court: That request to allow costs in its favor as against the libelants is denied. Olympic will have to stand its own costs.